UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERYL LEE ZACK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 19-cv-1808 |
| | : | |
| LEONARD ECKERT, | : | |
|     Defendant. | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| CHERYL LEE ZACK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 19-cv-1825 |
| | : | |
| LEHIGH VALLEY PAIN | : | |
| MANAGEMENT, | : | |
|     Defendant. | : | |

::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| CHERYL LEE ZACK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 19-cv-1834 |
| | : | |
| FRANCIS MATOS, | : | |
|     Defendant. | : | |

<u>**MEMORANDUM**</u>

**Joseph F. Leeson, Jr.**                                                                 **May 24, 2019**
**United States District Judge**

Plaintiff Cheryl Lee Zack filed three civil actions alleging fraud. The first, Civ. A. No. 19-1808, names as the Defendant Leonard Eckert, the second, Civ. A. No. 19-1825, names as the Defendant Lehigh Valley Pain Management ("LVPM"), and the third Civ. A. No. 19-1834, names as the Defendant Francis Matos. Zack also seeks to proceed with all suits *in forma pauperis*. For the following reasons, the Court grants Zack leave to proceed without paying the costs of these suits and will dismiss her Complaints pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction and for failure to state a claim.

I.    FACTS

Zack's claims are not completely clear. She alleges that she resides in Allentown, Pennsylvania. In Civ. A. No. 19-1808 she alleges that Defendant Eckert is using her address. She has attached 71 pages of exhibits to her Complaint in that case showing various documents with Eckert's name and allegedly listing her street address. She asserts that she told her letter carrier to stop delivering Eckert's mail to her address and wrote to criminal investigators about it. She claims she does not know who Eckert is and he does not live at her address. In Civ. A. No. 19-1825 she alleges that she received deliveries from ground shipment companies addressed to LVPM containing medications. She reported the deliveries to her local police department, but they refused to take a report and told her to throw the medicine away. She also reported the deliveries to the Pennsylvania Attorney General.[1] In Civ. A. No. 19-1834 she alleges that she has received mail addressed to Matos from Macy's and alleges that Matos used her address on a credit card application.

---

[1] She also asserts in Civ. A. No. 19-1825 that she received a billing statement from "Super Business Pages," but does not name that entity as a Defendant.

## II. STANDARD OF REVIEW

As Zack is proceeding *in forma pauperis*, her Complaint is subject to § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Zack is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Zack asserts that the Court has federal question jurisdiction over her claims of "mail fraud, insurance fraud, [and] possible medical fraud" in Civ. A. No. 19-1808. (ECF No. 2 at 2.) She asserts federal question jurisdiction over her claims of "mail fraud, (Neglect) Abuse of

Medical drugs (opioids) and supplies" in Civ. A. No. 19-1825. She asserts federal question jurisdiction over her claims of "mail fraud, falsification of address" in Civ. A. No. 19-1834. Zack's federal law mail fraud claims are not plausible because there is no private federal claim for wire or mail fraud. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 501 (1985). Second, Zack's allegations do not state a plausible mail fraud claim even if we were to construe her Complaint as alleging the claim through a statutory vehicle that would allow a private claim. *See Sunlight Elec. Contracting Co. v. Turchi*, 918 F. Supp. 2d 392, 402 (E.D. Pa. 2013) (quoting *United States v. Syme*, 276 F.3d 131, 142 n. 3 (3d Cir. 2002)) (setting out elements of mail fraud as underlying fraud in RICO action as: "(1) the existence of a scheme to defraud; (2) the participation by the defendant in the particular scheme with the specific intent to defraud; and (3) the use of the United States mail or of wire communications in furtherance of the fraudulent scheme"). The offense requires proof of specific intent, *id.* (citing *United States v. Pearlstein*, 576 F.2d 531, 535 (3d Cir.1978)), and this "may be found from a material misstatement of fact made with reckless disregard for the truth." *Id.* (quoting *United States v. Hannigan*, 27 F.3d 890, 892 n. 1 (3d Cir. 1994). The scheme "must involve some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension." *Id.* (quoting *Pearlstein*, 576 F.2d at 535.

Zack's allegations that Defendants Eckert, LVPM and Matos are using her address to send or receive mail do not state plausible claims for mail fraud. There is no allegation of a scheme to defraud, of a specific intent to defraud, or that the United States mail was used to further a fraud. Even if Eckart's, LVPM's and Matos's receipt of mail at Zack's address could possibly be considered to constitute either a use of the mail or a false representation, Zack has notably left blank the sections of each form Complaint where she was asked to describe any

4

injury she suffered as a result of the Defendants' actions. Accordingly, her mail fraud claims are not plausible and will be dismissed.

Because the Court has dismissed her federal claims, the Court will not exercise supplemental jurisdiction over any state law claims to the extent that Zack seeks to assert state law fraud claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Zack does not assert any basis for the Court's exercise of diversity jurisdiction. There is no allegation that the parties in each of her cases are citizens of a state different from her own and there is no allegation that the amounts in controversy satisfy the statutory requirement.

While it is dubious whether Zack could ever state plausible claims invoking federal question jurisdiction, the Court will permit her to file an amended complaint in each case. Zack is advised that, if she chooses to do so, she should provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Zack's Complaints.  Zack will be given leave to amend to attempt to cure the defects the Court has identified.  An appropriate Order follows.

**BY THE COURT:**


*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**