# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL LEE ZACK,<br>    Plaintiff,<br><br>v.<br><br>LEONARD ECKERT,<br>    Defendant. | No. 5:19-cv-01808 |
| CHERYL LEE ZACK,<br>    Plaintiff,<br><br>v.<br><br>LEHIGH VALLEY PAIN MANAGEMENT,<br>    Defendant. | No. 5:19-cv-01825 |
| CHERYL LEE ZACK,<br>    Plaintiff,<br><br>v.<br><br>FRANCIS MATOS,<br>    Defendant. | No. 5:19-cv-01834 |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                                      **July 8, 2019**
**United States District Judge**

Plaintiff Cheryl Lee Zack filed three civil actions alleging fraud. The first, Civ. A. No. 19-1808, named as the Defendant Leonard Eckert; the second, Civ. A. No. 19-1825, named as the Defendant Lehigh Valley Pain Management ("LVPM"); and the third Civ. A. No. 19-1834, named as the Defendant Francis Matos. Zack also sought to proceed with all suits *in forma*

*pauperis*. In a Memorandum Opinion and Order entered on May 28, 2019 in each of the three cases, Zack was granted leave to proceed without paying the costs of these suits and the claims were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction and for failure to state a claim. Zack was permitted to file an amended complaint ("AC") in each case if she was able to cure the defects identified by the Court, and she filed such ACs in each Civil Action. For the following reasons, the ACs will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state claims.

**I.     FACTS**

    **A.     Civil Action Number 19-1808**

We noted in the first Memorandum that Zack's claims were not completely clear. She alleged that she resides in Allentown, Pennsylvania. In Civ. A. No. 19-1808 she alleged that Defendant Eckert is using her address and attached 71 pages of exhibits to her Complaint in that case showing various documents with Eckert's name and allegedly listing her street address. She asserted that she told her letter carrier to stop delivering Eckert's mail to her address and wrote to criminal investigators about it. She claimed not to know who Eckert is and asserted he did not live at her address.

In filing her AC, Zack has copied the original Complaint. She has appended to the copy a barely legible handwritten statement asserting that she is not a lawyer but rather "an activist for positivity." (ECF No. 8 at 7.)[1] Regarding her allegations, she asserts that "for now, I'm going to have to stick with what I've already submitted until I can provide the court with more distinctive evidence." (*Id.*) She adds "First and Foremost please understand that by no means do I intend to convey disrespect in any way shape or form." (*Id.*) Zack makes assertions about medical fraud,

---

[1]    The Court adopts the pagination supplied by the CM/ECF Docketing System.

family members and famous politicians who have died of cancer, and appears to assert that people cannot afford medical coverage. (*Id.* at 8.) She appears to claim that none of the material she has received in her mail was a "simple mistake," and she refuses to "sit idly by and encourage criminal activity by letting it just slip through." (*Id.* at 9.)

**B.     Civil Action Number 19-1825**

In Civ. A. No. 19-1825 Zack originally alleged that she received deliveries from ground shipment companies addressed to Defendant LVPM containing medications. She reported the deliveries to her local police department, but they refused to take a report and told her to throw the medicine away. She also reported the deliveries to the Pennsylvania Attorney General. In her AC she again alleges that she has received packages containing opioids addressed to LVPM at her street address, all of which is marked with zip code 18104, while her zip code is 18102. (ECF No. 8 at 3-5.) She again alleges that she reported the deliveries to authorities, but no action was taken. (*Id.*) She alleges that the deliveries only stopped when she photographed the delivery driver and the license plate of the vehicle. (*Id.*) She has attached a copy of the same handwritten statement she filed in Civ. A. No. 19-1808. (*Id.* at 9-11.)

**C.     Civil Action 19-1834**

In Civ. A. No. 19-1834 Zack originally alleged that she has received mail addressed to Defendant Matos from Macy's and alleged that Matos used her address on a credit card application, but added to this last allegation that, "Honestly, I don't know." Her AC is a copy of her original pleading, with the same attached handwritten statement she filed in Civ. A. No. 19-1808.

## II. STANDARD OF REVIEW

As Zack has been granted leave to proceed *in forma pauperis*, her Complaint is subject to § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Zack is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Zack again asserts that the Court has federal question jurisdiction over her claims of "mail fraud, insurance fraud, [and] possible medical fraud." (Civ. A. No. 19-1808, ECF No. 8 at

4

2; Civ. A. No. 19-1825, ECF No. 8 at 2; Civ. A. No. 19-1834, ECF No. 8 at 2.) As the Court already informed Zack, her federal law mail fraud claims are not plausible because there is no private federal claim for wire or mail fraud. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 501 (1985). Second, Zack's allegations again do not state a plausible mail fraud claim even if we were to construe her ACs as alleging the claim through a statutory vehicle that would allow a private claim. *See Sunlight Elec. Contracting Co. v. Turchi*, 918 F. Supp. 2d 392, 402 (E.D. Pa. 2013) (quoting *United States v. Syme*, 276 F.3d 131, 142 n. 3 (3d Cir. 2002)) (setting out elements of mail fraud as underlying fraud in RICO action as: "(1) the existence of a scheme to defraud; (2) the participation by the defendant in the particular scheme with the specific intent to defraud; and (3) the use of the United States mail or of wire communications in furtherance of the fraudulent scheme"). The offense requires proof of specific intent, *id.*, (citing *United States v. Pearlstein*, 576 F.2d 531, 535 (3d Cir.1978)), and this "may be found from a material misstatement of fact made with reckless disregard for the truth." *Id.*, (quoting *United States v. Hannigan*, 27 F.3d 890, 892 n. 1 (3d Cir. 1994). The scheme "must involve some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension." *Id.* (quoting *Pearlstein*, 576 F.2d at 535.

Zack's renewed allegations that Defendants Eckert, LVPM and Matos are using her address to send or receive mail do not state plausible claims for mail fraud. There is no allegation of a scheme to defraud, of a specific intent to defraud, or that the United States mail was used to further a fraud. Even if the Defendants' use of Zack's address could possibly be considered to constitute either a use of the mail or a false representation, Zack has once again notably left blank the sections of each form AC where she was asked to describe any injury she

5

suffered as a result of the Defendants' actions. Accordingly, her mail fraud claims are not plausible and will be dismissed.

Unlike her original Complaints, Zack does not appear to assert any state law claims since, for each AC, she did not check the box asking if she based her claims on diversity jurisdiction and does not appear to posit any such claims. As the Court previously held that, to the extent that Zack sought to assert state law fraud claims, she did not allege complete diversity required by 28 U.S.C. § 1332(a), and the current iteration does not even check the box or attempt to raise the issue, the Court interprets the ACs as not asserting state law claims against the Defendants.

Having granted Zack the opportunity to amend her complaints in each of these cases to cure the defects the Court previously described, and Zack having failed to do so, each AC will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Zack was advised that any amendment must cure the defects identified by the Court, any she has merely refiled the same pleadings along with her note that fails to cure the defects, the dismissals will be with prejudice. An appropriate Order will be entered.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge